CLEARY v. DANIELS et al. (Price River Irr. Co. Intervener)

No. 3062.   Decided August 8, 1917.   On petition for rehearing October 5, 1917.   (167 Pac. 825.)

1. WATERS AND WATER COURSES—DIVERSION—DAMAGES—SUFFICIENCY OF EVIDENCE.  On counterclaim for damages from plaintiff's diversion of water, used by defendants to irrigate their lands, evidence *held* sufficient to support the findings of the jury that defendants sustained damages in the sum of $266.  (Page 508.)

On Petition for Rehearing

2. WATERS AND WATER COURSES—APPROPRIATION—DIVERSION—INSTRUCTION.  The suit regarding the waters of a creek, wherein defendants claimed damages by plaintiff's diversion, an instruction that defendants were entitled to use without molestation sufficient of the waters of the creek to mature whatever crops they had growing on their land watered from the creek, so if the jury found that plaintiff interfered with defendant's use of the water by diverting it, and deprived defendants of their right to use it, defendants would be entitled to whatever damages the preponderance of the evidence showed they sustained by the diversion, did not submit any true or correct rule by which the damages could have been determined.  (Page 512.)

Appeal from District Court, Fourth District; *Hon. A. B. Morgan*, Judge.

Action by Annie Cleary against Amelia Daniels and Hannah Gallagher, wherein the Price River Irr. Co. intervened.

Judgment for defendant and intervener. Plaintiff appeals.

AFFIRMED in part, and REVERSED in part and new trial ordered.

*Thurman, Wedgwood & Irvine* for appellant.

*Booth & Booth* for respondent.

*M. Thomas* for intervener.

GIDEON, J.

The complaint alleges that the plaintiff is the owner of a half section of land located in Utah County, and that such lands are barren without irrigation, but productive with irrigation; that to obtain water to irrigate said lands plaintiff made application to the state engineer to appropriate 2.3 cubic feet per second of the waters flowing in an unnamed creek near said lands; that under that application she became the owner, and is the owner, of that amount of water in said creek from April 1st to October 31st of each year; that on the 22d day of June, 1915, and prior thereto, defendants wrongfully placed a dam in said stream and diverted the waters from plaintiff's flume and ditch, and turned the same back into the natural channel of the creek, and plaintiff has, by reason thereof, sustained damages by loss of crops. Plaintiff asks for injunctive relief and for damages.

Defendant's answer admits the filing of the application by the plaintiff in the state engineer's office, denies plaintiff's rights to any portion of the waters of said creek, and denies any damages to plaintiff by any act of defendants. Defendants affirmatively allege as a counterclaim against the plaintiff that they are the owners of 200 acres of land located at or near the outlet of the canyon through which said creek runs, and that the same is barren without irrigation, but will produce valuable crops with irrigation, and that they and their predecessors in interest have continuously used all of the waters of said creek to irrigate the lands now owned by the defendants for more than thirty years last past, and that the same has been used for the purpose of irrigating said lands, on which hay and other crops have been grown;

that the plaintiff, in the month of June, 1915, and at various other times, diverted the waters from the natural channel of said stream and turned the same upon plaintiff's lands against the rights of the defendants, and that by reason thereof defendants have suffered damages. Defendants ask for a decree that they are the owners of the right to the use of the waters .of said creek for irrigation and watering of stock during the entire year, that plaintiff be enjoined from interfering with such use, and for damages.

The reply admits that plaintiff diverted the waters at the point mentioned in the complaint; alleges that she had the right so to do; denies that the defendants have the right or title to the use of said waters, and denies all other allegations of defendants' answer.

The Price River Irrigation Company filed a complaint in intervention in which it claimed all the waters flowing in said stream, and pleaded two decrees theretofore entered by a court of competent jurisdiction by virtue of which it claimed the right to the use of said waters.

A jury was impaneled to determine the question of damages. The other issues were determined by the court.

The litigation here involves the right to the use of the waters of a small creek running through and out of what is known in the testimony as Hunter's or South canyon. The lands of the defendants lie at the mouth or opening of this canyon, and the canyon extends westerly about three or four miles into the mountains and near what is known as Soldier Summit. The stream in this canyon is fed from springs near its head and along its course and by melting snows in the spring and early summer. During the melting of the snow there is much more water in the stream than at any other season of the year. The plaintiff's lands are located near this stream a mile or more above the lands of the defendants, and are so located that the waters can be diverted from the stream by means of flumes and ditches so as to be taken upon the lands of the plaintiff. The jury returned a verdict assessing the defendants' damages in the sum of $266, and the court made findings and conclusions in favor of the defendants and against the plaintiff, and awarded the defendants the

right to the use of sufficient of the water of said creek to irrigate twenty-five acres of land, and decreed all the remainder or surplus waters to belong to the intervener, the Price River Irrigation Company, and that the plaintiff had no right to the use of the waters of said stream. The court enjoined plaintiff from in any way interfering with or diverting any of the waters of said Hunter's canyon, also known as South canyon, or to interfere with the use of the same by the defendants or intervener. The defendants and intervener are decreed to have the right to have said waters flow down said canyon unobstructed to the lands of the defendants and to White river, a tributary of Price river.

From that judgment plaintiff appeals. The principal contention of the plaintiff is that the findings of the court and its judgment are not supported by the testimony.

The court, among other things, made the following findings:

"(5) That there is a natural stream of water rising in and running down a certain hollow or canyon lying to the west of the lands of the defendant, said hollow or canyon having been designated in this action as 'South canyon' or 'Hunter's canyon.'

"(6) That in the year 1878 one James A. Bean, being then the owner of a squatter's right in and to the said lands of the defendants, was using the same for a pasture; and while so using the said lands for a pasture made ditches and canals leading from the stream flowing then down said 'Hunter's canyon,' and conducted the waters therefrom onto a portion of the said lands of the defendants, and used the said water for the purpose of irrigating the said lands and causing the grass and other vegetation then growing on said lands to grow and increase in growth."

In its seventh finding the court traced the chain of title or use from the ownership of James A. Bean to the defendants, and concerning the amount of water that the defendants are entitled to use makes the following finding:

"That the said lands of the defendants are of a porous nature, and they require large quantities of water to irrigate them; that the duty of water upon said land when there is

a large stream flowing thereon is 70 acres to the second foot of continuous flow of water, but when the water flowing in said canyon is not to exceed one cubic foot of water per second, then the duty of water upon the defendants' lands is not to exceed 25 acres to the second foot; that the seepage and drainage water from the lands of the defendants finds its way into said White river and thence into Price river; that each and all of the allegations of the defendants' counterclaim are true."

The court also found:

"That the intervener is the owner of the right to the use of all the waters of said Hunter's canyon which are not necessary for the use of the defendants; that the said rights of the intervener were acquired by prior appropriation and use for beneficial purposes, and are superior to any and all rights of plaintiff to said waters; that the plaintiff has no rights whatsoever in or to any portion of the waters of said Hunter's canyon, but the defendants and the intervener are the owners of the right to use the whole of the waters of said Hunter's canyon during the whole of each and every year; that the allegations of the complaint in intervention are all true."

There is not only substantial evidence to support the, findings of the court so far as the rights of the defendants are concerned in and to the use of the waters, but its findings are supported by practically all of the testimony taken during the trial. The decree follows the findings and is supported by them.

This is a mountain stream, and, except during the spring and early summer months, has very little, if any, water flowing in it. The testimony is that from the latter part of June and on during the remainder of the year, in fact up till the beginning of the melting of the snow in the following year, there is not the amount of water running down this canyon that has been awarded and given to the defendants. The decree awards to the defendants only such amounts as are named in the court's findings as necessary to irrigate their lands.

This is a companion case to *M. J. Cleary* v. *Daniels*, 50 Utah, 494, 167 Pac. 820, decided at this term. The assignments

of error directed against the judgment in favor of the intervener there are identical with those directed against the judgment in favor of the intervener here. The remarks of Mr. Chief Justice Frick made in the opinion in that case with reference to the rights of the plaintiff as against the intervener are applicable to the state of the record in this case, and are therefore adopted and applied to this case.

Complaint is also made that the findings of the jury are not supported by any testimony. The testimony of Amelia Daniels is that the defendants have been accustomed to harvest from this particular land from forty to fifty tons of hay each year; that in the year 1915 they had only about one-third of a crop of hay, and that the cause of the poor crop was want of sufficient water to irrigate the land; that the shortage of water was due to interference with the natural flow of the stream by the plaintiff; that hay in the year 1915, in that locality, was worth $16 per ton. There is other testimony in a measure going to show that the defendants did sustain damages, and, in our judgment, it is sufficient to support the findings of the jury.

We are satisfied from an examination of the record that findings, so far as the defendants are concerned, are amply supported. It follows that the judgment of the lower court should be affirmed. Such is the order; appellant to pay costs on appeal.

FRICK, C. J., and McCARTY and CORFMAN, JJ., concur. THURMAN, J., not participating, disqualified.

ON PETITION FOR REHEARING

GIDEON, J.

Appellant has filed a petition for rehearing in which it is strenuously insisted that the instruction given to the jury at the trial in the lower court respecting damages to which the respondent Amelia Daniels is entitled, by reason of the plaintiff having diverted part of the waters of the stream in question during the summer of 1915, is erroneous and did not give to the jury any correct rule by which to estimate such dam-

ages, if any were sustained by such respondent. The instruction complained of is as follows:

"You are instructed that as a matter of law the defendants were entitled to use, without molestation from the plaintiff, sufficient of the waters of said South canyon or Hunter's canyon to mature whatever crops the defendants had growing on their land situated near the mouth of said canyon, which had been and were being watered from the stream flowing out of said South canyon or Hunter's canyon. So, if you find from the preponderance of the evidence in this case that the plaintiff interfered with defendants' use of said water, as heretofore defined, by diverting the water of said canyon away from the defendants, and deprived the defendants of their right to use the same, then the defendants would be entitled to whatever damages the preponderance of the evidence shows they have sustained on account of plaintiff's said diversion of said water."

The objections to that instruction and the assignment of error respecting it are not so much as to what it includes but as to what is omitted therefrom. The court failed to instruct the jury what quantity of water respondent was entitled to use or to advise the jury as to the correct, or any, rule to guide it in arriving at the net value of the crops lost, or by what method it (the jury) should or could fix the real damages, if any, sustained by the respondent. There is no testimony in the record as to the cost of labor necessary to harvest and market the hay or as to the cost of harvesting and stacking the hay upon the premises. Neither is there any testimony as to the cost of cultivating and irrigating the land on which the crops were grown. In the absence of some proof as to these facts, there was nothing before the court or jury by which the actual damages sustained by respondent could be determined. Had there been testimony proving, or tending to prove, such facts, instructions should have been given advising the jury to consider the same in determining the loss to respondent by failure of her crops to mature if such failure was the result of the wrongful taking by appellant of water to which she, the respondent, was entitled.

Our attention being more particularly directed to the question of the ownership of the water involved, this particular assignment of error was not given the attention it should have been given in the original opinion. We are now satisfied, for the reasons indicated, that the instruction did not submit to the jury any true or correct rule by which the damages, if any, could have been determined. 2

The former order of this court is modified to read as follows: The judgment of the lower court is affirmed so far as the ownership and use of the water of the creek in question is concerned, but that part of the judgment awarding defendant Daniels damages against the plaintiff is reversed, and, as to that, a new trial is granted. Neither party to recover costs on this appeal. Rehearing denied.

FRICK, C. J., and McCARTY and CORFMAN, JJ., concur. THURMAN, J., not participating, disqualified.